# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: H&R BLOCK IRS FORM 8863 LITIGATION | ) ) ) | MDL No. 2474 |
| ALL ACTIONS | ) ) ) | Master Case No. 4:13-MD-02474-FJG |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (together with all appendices, exhibits, schedules and attachments hereto, the "Agreement") is made and entered into as of December 16 , 2015, among and between Plaintiffs Richard Dreyling, Maighan Dreyling, Taryn Knox, Tommi Head, Thomas James, Janet James, Kelley Mannix, Anatashia Wishon, Joseph Page, Lisa Rau, Kathleen Connelly-Brown, Bianca Venters, Twana Barrett, Nathan Poole, Jr., Kristy Fast, Timothy Fast, Darren Tucker, Ellen Tucker, Amy McAfee, Beverly Hand, Michelle Brantley, Brian Flaherty, Rachel Flaherty, Phillip Mann, Cynthia Brice, Debra Dodge, Michael Dodge, Steven Scott, Misty Scott, Robert Lefebvre, Julie Lefebvre, LaTisha Johnson, in their individual and representative capacities on behalf of the putative Settlement Class (collectively, the "Plaintiffs") and Defendants HRB Tax Group, Inc., H&R Block Tax Services LLC, HRB Technology LLC, and HRB Digital LLC (collectively, the "Defendants") (Defendants and Plaintiffs are collectively referred to herein as the "Settling Parties"). Each of the Settling Parties acting by and through their respective counsel, agree that, subject to Court approval by the United States District Court for the Western District of Missouri, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Action and all matters raised in it are hereby settled,

compromised and dismissed, on the merits and with prejudice, on the terms and conditions set forth herein.

# I. **DEFINITIONS**

1. As used in this Settlement Agreement and the exhibits hereto, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

## A. **"Action"**

"Action" means *In re H&R Block Form 8863 Litigation*, No. 4:13-MD-02474-FJG (W.D. Mo.) and the following civil actions transferred to this Court by the Judicial Panel on Multidistrict Litigation:

- *Juan Ortega, et al. v. H&R Block, Inc., et al.*, 4:13-cv-01058 (W.D. Mo.)
- *Maighan O. Perry Dreyling, et al. v. H&R Block, Inc. et al.*, 4:13-cv-01065 (W.D. Mo.)
- *Nicholas Cauthen v. H&R Block, Inc., et al.*, 4:13-cv-01067 (W.D. Mo.)
- *Robert Lefebvre, et al. v. H&R Block, Inc., et al.*, 4:13-cv-01068 (W.D. Mo.)
- *Ursula Millett, et al. v. H&R Block, Inc., et al.*, 4:13-cv-01070 (W.D. Mo.)
- *Lisa Marie Waugh v. H&R Block, Inc., et al.*, 4:13-cv-01064 (W.D. Mo.)
- *Mark Wilkerson, et al. v. H&R Block, Inc.*, 4:13-cv-01056 (W.D. Mo.)
- *Justin Ramsey, et al. v. H&R Block, Inc.*, 4:13-cv-01063 (W.D. Mo.)
- *Arthur Green, et al. v. H&R Block, Inc., et al.*, 4:13-cv-01076 (W.D. Mo.)
- *Jessica Scruggs, et al. v. H&R Block, Inc., et al.*, 4:13-cv-01061 (W.D. Mo.)
- *Danielle Pooley v. H&R Block, Inc., et al.*, 4:13-cv-01060 (W.D. Mo.)
- *Cameron Cox, et al. v. H&R Block, Inc., et al.*, 4:13-cv-01169 (W.D. Mo.)

- *Jayne Hunt, et al. v. HRB Tax Group, Inc. et al.*, 13:4-cv-01050 (W.D. Mo.)

**B.     "Agreement"**

"Agreement" means this Settlement Agreement, including the exhibits hereto.

**C.     "Claimant"**

"Claimant" means a member of the Settlement Class who receives a Class Award.

**D.     "Claims Administrator"**

"Claims Administrator" means Analytics Consulting LLC, 18675 Lake Drive East, Chanhassen, MN 55317.

**E.     "Certification Form"**

"Certification Form" means postage prepaid form (attached as Exhibit E) that the individuals listed on Exhibit B will use to certify the timeliness of their arbitration opt out request.

**F.     "Claims Period"**

"Claims Period" means the 120 calendar days (not including the day of the event) following the receipt of the Class Award in which Settlement Class Members may use the Class Award.

**G.     "Class Award"**

"Class Award" means the one-time cash payment of $50.00 that each member of the Settlement Class, who does not request exclusion, will receive.

**H.     "Class Counsel"**

"Class Counsel" means the following counsel for the Plaintiffs who will petition the Court to be appointed as counsel for the Settlement Class Members:

Sherrie R. Savett and Eric Lechtzin of Berger & Montague, Eric D. Holland and R. Seth Crompton of Holland Law Firm, and J. Gordon Rudd, Jr. and David M. Cialkowski of Zimmerman Reed, PLLP.

**I.     "Class Notice"**

"Class Notice" means the Court-approved notice of this Agreement that is directed to the Settlement Class Members.

**J.     "Court"**

"Court" means the United States District Court for the Western District of Missouri.

**K.     "Defendants"**

"Defendants" means Defendants HRB Tax Group, Inc., H&R Block Tax Services LLC, HRB Technology LLC, and HRB Digital LLC.

**L.     "Defense Counsel"**

"Defense Counsel" means the law firm of Jones Day.

**M.     "Effective Date"**

"Effective Date" means thirty-five (35) days after the Court enters an Order and Final Judgment, if no appeal is taken. If an appeal is taken, the Effective Date shall mean the first date all appellate rights (including proceedings in the U.S. Supreme Court) with respect to said Order and Final Judgment have expired or been exhausted in such a manner as to affirm the Order and Final Judgment.

**N.     "Fairness Hearing"**

"Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order for purposes of: (a) determining whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; (b) entering the Order and Final Judgment and dismissing the Action with prejudice; and (c)

4

ruling upon an application by Class Counsel for an award of attorneys' fees and reimbursement of expenses of litigation.

**O.    "Fee Award"**

"Fee Award" means an award of reasonable fees and expenses of litigation sought by application to and approved by the Court that is payable to Class Counsel.

**P.    "Final Approval"**

"Final Approval" means the Court's entry of an Order and Final Judgment following the Fairness Hearing.

**Q.    "Notice Plan"**

"Notice Plan" means the method for notifying Settlement Class Members of the Settlement Agreement set forth in paragraphs 26-29 below.

**R.    "Objection"**

"Objection" is the written communication that a Settlement Class Member may file with the Court in order to object to this Agreement as provided for in paragraphs 33-35 below.

**S.    "Objection/Exclusion Deadline"**

"Objection/Exclusion Deadline" means the date to be set by the Court as the deadline for Settlement Class Members to submit Objection Statements and Requests for Exclusion from the Settlement Class. To be valid, the Objection Statement or Request for Exclusion must be postmarked on or before the Objection/Exclusion Deadline.

**T.    "Objection Statements"**

"Objection Statements" means written objections to the Settlement Agreement by Settlement Class Members that must (1) state the factual and legal basis of the objection and all required information from the Class Notice; (2) be filed with the Court on or before the

Objection/Exclusion Deadline; and (3) be mailed to Class Counsel and Defense Counsel so that such papers are actually received by said counsel by the Objection/Exclusion Deadline.

U.    **"Order and Final Judgment"**

"Order and Final Judgment" means the final order to be issued by the Court approving the settlement pursuant to the terms and conditions of this Agreement, confirming the certification of the Settlement Class for purposes of this Agreement only, dismissing the Action with prejudice with respect to the claims of the Plaintiffs, and releasing all claims of the Plaintiffs and the Settlement Class Members.

V.    **"Person"**

"Person" means any individual, corporation, trust, partnership, limited liability company, or other legal entity and their respective successors or assigns.

W.    **"Plaintiffs"**

"Plaintiffs" means Richard Dreyling, Maighan Dreyling, Taryn Knox, Tommi Head, Thomas James, Janet James, Kelley Mannix, Anatashia Wishon, Joseph Page, Lisa Rau, Kathleen Connelly-Brown, Bianca Venters, Twana Barrett, Nathan Poole, Jr., Kristy Fast, Timothy Fast, Darren Tucker, Ellen Tucker, Amy McAfee, Beverly Hand, Michelle Brantley, Brian Flaherty, Rachel Flaherty, Phillip Mann, Cynthia Brice, Debra Dodge, Michael Dodge, Steven Scott, Misty Scott, Robert Lefebvre, Julie Lefebvre, LaTisha Johnson.

X.    **"Plaintiffs' Counsel"**

"Plaintiffs' Counsel" means and includes Class Counsel, together with counsel for plaintiffs in the cases listed in paragraph 1(A).

Y.    **"Preliminary Approval Order"**

"Preliminary Approval Order" means the Court's entry of an order, substantially in the form attached hereto as Exhibit C, approving the timing, content and manner of Class Notice.

conditionally certifying the Settlement Class for purposes of this Settlement Agreement only, and preliminarily approving this Agreement.

### Z. "Proposed Notice Form"

"Proposed Notice Form" means the Form of Notice of Pendency and Settlement of Class Action that the Settling Parties will submit to the Court for approval, substantially in the form attached hereto as Exhibit D.

### AA. "Released Claim"

"Released Claim" means any claim, cross-claim, liability, right, demand, suit, matter, obligation, damage, restitution, disgorgement, loss or cost, attorneys' fee or expense, action or cause of action, of every kind and description that the Releasing Party had or has, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Party either in the Action against any of the Released Parties arising out of or relating to the allegations in the complaints filed in the Action, including but not limited to all claims that were brought or could have been brought in the Action.

### BB. "Releasing Party"

"Releasing Party" means the Plaintiffs, each Settlement Class Member, and any Person claiming by or through him/her as his/her spouse, parent, child, heir, guardian, associate, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind.

7

**CC.    "Released Parties"**

"Released Parties" means Defendants HRB Tax Group, Inc., H&R Block Tax Services LLC, HRB Technology LLC, and HRB Digital LLC , and all of their collective current and former parents, direct and indirect, predecessors, successors, assigns, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and/or future officers, directors, employees, franchisees, related parties, stockholders, partners, agents, servants, successors, attorneys, representatives, advisors, consultants, retailers, subrogees and assigns of any of the foregoing, and representatives of any and all of the foregoing.

**DD.    "Request for Exclusion"**

"Request for Exclusion" is the written communication that a Settlement Class Member must submit to the Claims Administrator by the Objection/Exclusion Deadline in order to be excluded from the Settlement as provided for in paragraph 37-40 below. To be valid, the Request for Exclusion must be received by the Claims Administrator on or before the Objection/Exclusion Deadline.

**EE.    "Settlement"**

"Settlement" means the settlement embodied in this Agreement.

**FF.    "Settlement Class"**

"Settlement Class" means the class as defined in paragraph 22 below.

**GG.    "Settlement Class Members"**

"Settlement Class Members" means the individuals listed on Exhibits A and B, which will be filed under seal with the Court. For purposes of this Agreement, because key information on the timeliness of their arbitration opt outs is currently available only to them and Class Counsel, H&R Block agrees to consider timely the arbitration opt out requests of the individuals listed on Exhibit B, which will be filed under seal with the Court, and to include them in the

definition of Settlement Class, as Settlement Class Members, provided they certify, under penalty of perjury, that their arbitration opt-out request is timely. Those individuals who are listed jointly on Exhibits A or B submitted joint federal tax returns for tax year 2012. For purposes of this Agreement, each joint listing of individuals is treated as a single Settlement Class Member.

### HH. "Settlement Fund"

"Settlement Fund" means the total amount of money ($150,000) that Defendants will provide to the Claims Administrator for the purpose of paying the $50 Class Award to the one-thousand-six-hundred-fifty-seven (1,663) Settlement Class Members, and the $150 Plaintiffs' Award to the thirty-two (32) named Plaintiffs, as awarded by the Court, and reasonable attorneys' fees and expenses, as awarded by the Court.

## II.    BACKGROUND OF SETTLEMENT

2.    Defendants, individually or collectively, provide, among other products and services, tax preparation services to retail, online, and software clients.

3.    This multi-district litigation consists of thirteen putative class actions brought against Defendants related to the preparation and processing of the Plaintiffs' 2012 federal tax returns.

4.    The Plaintiffs are taxpayers who had their 2012 federal tax returns submitted electronically by one or more of the Defendants to the Internal Revenue Service ("IRS") on or before February 22, 2013.

5.    In connection with the preparation of their tax return, each Plaintiff signed a contract that defines the duties and obligations of the parties, and contains an agreement between Defendants and the Plaintiff to arbitrate their disputes on an individual basis. Each contract also

provides that clients may opt out of the arbitration provision within sixty days of their signing or executing the arbitration agreement.

6.     Each Plaintiff timely opted out of the arbitration provision.

7.     The Plaintiffs all sought to claim an education tax credit as a part of their 2012 federal tax returns that required them to file Internal Revenue Service ("IRS") Form 8863 with their federal tax returns.

8.     The IRS accepted all of the Plaintiffs' tax returns for filing, and then put Plaintiffs' returns into its Error Resolution System for further processing. The IRS processing did not affect the amount of the Plaintiffs' federal tax liability or refund.

9.     The Plaintiffs allege that the IRS processing of their 2012 tax returns resulted in tax refunds being issued to them later than the dates and times they claim would have occurred if the IRS had not put the returns into its Error Resolution System.

10.    Each Plaintiff filed a putative class action alleging that Defendants improperly filled out or improperly transmitted Form 8863 to the IRS. The Plaintiffs assert claims for breach of contract, negligence, unjust enrichment, and/or violation of state consumer protection statutes.

11.    Defendants have denied the allegations in this Action.

12.    The Plaintiffs in the Action, by and through respective counsel, have conducted an extensive investigation, which included discovery of, and an examination of the size of the class, Defendants' position on the timing of the Plaintiffs' federal tax refunds, and the claims against and the defenses of Defendants.

13.    On January 10, 2014, the Court entered an Order appointing Sherrie R. Savett and Eric Lechtzin of Berger & Montague, Eric D. Holland and R. Seth Crompton of Holland Law

Firm, and J. Gordon Rudd, Jr. and David M. Cialkowski of Zimmerman Reed, PLLP (collectively, the "Opt-Out Applicants") as Temporary Lead Counsel for those named plaintiffs who opted out of arbitration, as well as unnamed members of the putative class who opted out of arbitration.

14.     In March 2015, Class Counsel and counsel for Defendants initiated discussions about possible ways to resolve the litigation, and thereafter, had a series of negotiations about terms of settlement. Those negotiations resulted in this Agreement, which the Plaintiffs and Class Counsel believe provides benefits to the Settlement Class, is fair, reasonable and adequate, and is in the best interests of the Plaintiffs and Settlement Class Members.

15.     This Agreement was reached as a result of extensive arm's length negotiations between counsel for the Plaintiffs in the Action and counsel for Defendants.

16.     Based upon the discovery and investigation to date and evaluation of the facts and law relating to the matters alleged in the pleadings, the Plaintiffs have agreed to settle the claims asserted in the Action pursuant to the provisions of this Agreement. In so doing, Class Counsel have considered numerous risks of continued litigation and other factors, including but not limited to the following:

A.     the expense and length of time necessary to prosecute the Action through trial;

B.     the uncertainty of outcome at trial and the possibility of an appeal by either side following the trial;

C.     the possibility that a contested class might not be certified pursuant to Fed. R. Civ. P. 23, and if certified, the possibility that such certification may not be maintained through trial or would be reversed on appeal;

D.     verification of the number of potential members of the Settlement Class;

E.      the difficulty of establishing meaningful class-wide damages;

F.      the possibility that some or all of the Plaintiffs' claims could be disposed of on summary judgment; and

G.      the benefits being made available to the Plaintiffs and the Settlement Class Members under the terms of this Agreement.

17.     Weighing the above factors, as well as all other risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Plaintiffs and Class Counsel are satisfied that the terms and conditions of this settlement are fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Settlement Class Members.

18.     Defendants expressly disclaim any liability or any wrongdoing of any kind whatsoever.  Nevertheless, Defendants consider it desirable that this Action be resolved upon the terms and conditions set forth in this Agreement in order to avoid the expense, risk, uncertainty, and interference with ongoing business operations inherent in any litigation, and to obtain the releases as described herein.

19.     Without any admission or concession whatsoever on the part of the Plaintiffs of the lack of merit of this Action, or any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendants, it is hereby stipulated and agreed by the undersigned, on behalf of the Plaintiffs, the Settlement Class, and Defendants that the Action and all Claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the terms and conditions set forth herein.

20.     The recitals stated above are true and accurate and are hereby made a part of this Settlement Agreement.

## III. TERMS AND CONDITIONS OF SETTLEMENT

### PRELIMINARY APPROVAL

#### Motion for Preliminary Approval of Class Settlement

21.     As soon as reasonably practicable after the signing of this Agreement, Class Counsel shall file with the Court a Motion for Preliminary Approval of Class Settlement that seeks entry of the Preliminary Approval Order (substantially in the form attached hereto as Exhibit C), which, for settlement purposes only would:

A.     Certify a tentative Settlement Class under Federal Rule of Civil Procedure 23(b)(3) composed of the Settlement Class Members;

B.     Preliminarily approve this Settlement Agreement;

C.     Approve the proposed Notice Plan, Certification Form, and Proposed Notice Form substantially similar to that attached hereto as Exhibit D; and

D.     Appoint Class Counsel consistent with the prior order of the Court to represent the interests of the Settlement Class.

#### Certification of Settlement Class

22.     For purposes of settlement only, and upon the express terms and conditions set forth in this Settlement Agreement, Plaintiffs and Defendants agree to seek certification of a nationwide Settlement Class in the Action pursuant to Federal Rule of Civil Procedure 23(b)(3) as follows:

> All persons in the United States who timely opted out of Defendants' Arbitration Clause, and on whose behalf Defendants prepared and/or submitted 2012 tax returns that included IRS Form 8863 on or before February 22, 2013.

> All federal judges to whom this case is assigned and members of their families within the first degree of consanguinity, and employees, officers and directors of the Released Parties are excluded from the class.

13

### Class Certified for Settlement Purposes Only

23.     For purposes of settlement only, the parties and their counsel agree that the Court should make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit C) granting provisional certification of the Settlement Class subject to final findings and ratification in the Order and Final Judgment, and appointing Plaintiffs in the Action as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class. Nothing in this Settlement Agreement shall be construed as an admission by Defendants that this Action is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent Defendants or Plaintiffs from opposing or supporting class certification or seeking de-certification of the conditionally-certified Settlement Class if this Agreement is terminated or if final approval of this Settlement Agreement is not obtained or not upheld on final appeal for any reason.

### Stay of this Action

24.     Following entry of the Preliminary Approval Order, all activity in the Action shall be stayed except to the extent necessary to effectuate this Agreement unless and until this Agreement is terminated pursuant to its terms and conditions. Further, upon preliminary approval of the Settlement, the Settling Parties shall cooperate to seek stays, pending dismissal, of further proceedings in the underlying actions.

### Cooperation

25.     The parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation, in seeking preliminary and final Court approval of the Settlement Agreement and the Settlement embodied herein, carrying out the terms of this Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the

Settlement. The Settling Parties shall cooperate in good faith and undertake all reasonable actions and steps in order to accomplish the events described in this Agreement.

## NOTICE

### Cost of Notice

26.     All costs, fees, and expenses of disseminating and administering notice in accord with the Notice Plan shall be paid by Defendants.

### Notice to State and Federal Officials

27.     In compliance with the attorney general notification provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, within ten (10) days after the Motion for Preliminary Approval of Class Settlement is filed, Defendants shall provide notice of this proposed Settlement to the Attorney General of the United States, and the attorneys general of the states or territories in which Settlement Class Members reside.

### Notice to the Settlement Class Members

28.     Upon preliminary approval of this Agreement, the Claims Administrator shall cause notice to be made as follows:

A.     Direct Mail Notice. The Claims Administrator will cause the Class Notice, in the form approved by the Court, to be published directly to the Settlement Class Members via U.S. Mail on or before the date specified in the Preliminary Approval Order. The Claims Administrator will re-send returned notices once if a United States post office address correction appears on the returned envelope. With regard to all mail that is returned to the Claims Administrator as undeliverable, the Claims Administrator shall check with a national database of new addresses for the last known address of the Settlement Class Member and shall remail the notice to the address set forth in the national database.

**Contents of Notice**

29.     Notice to the Settlement Class Members:  The Class Notice will (1) advise Settlement Class Members of their rights, including the right to request exclusion from or object to this Agreement and the applicable procedures for doing so, (2) inform them of the award they will receive if they do not exclude themselves, (3) provide instructions for contacting the Claims Administrator, Class Counsel, and Defense Counsel, and (4) contain such other information as is agreed to by the Settling Parties or required by the Court.  The Class Notice will also advise Settlement Class Members that objections to the Agreement, and papers submitted in support of said objections, will only be considered at the Fairness Hearing if they are submitted pursuant to the procedures set forth in paragraphs 33-35 below.  The Class Notice will advise Settlement Class Members of the time and place of the Fairness Hearing.  Subject to the Court's approval, the Class Notice will be disseminated via direct mail notice.

## ELIGIBILITY FOR RELIEF

30.     To be eligible to receive relief under this Agreement, Settlement Class Members must meet the Settlement Class definition and not exclude themselves from the Settlement.

31.     To be eligible to receive relief under this Agreement, the Settlement Class Members listed on Exhibit B, must certify, under penalty of perjury, on their Certification Form that their opt out from the arbitration agreement was timely and submit the completed Certification Form to the Claims Administrator by mailing the postage prepaid Certification Form to the Claims Administrator.

32.     Certification Forms for Settlement Class Members listed on Exhibit B must be postmarked on or before the Objection/Exclusion Deadline.  Certification Forms postmarked after the Objection/Exclusion Deadline shall be denied by the Claims Administrator.

## OBJECTIONS AND OPT-OUTS

### Objections

33.    Settlement Class Members shall have the right to appear and present objections as to any reason why the terms of this Agreement should not be given Final Approval. Any Objection Statement must be in writing, must be personally signed by the Settlement Class Member (even if represented by counsel), and must be filed with the Court no later than the Objection/Exclusion Deadline, with copies served on Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, and postmarked by the Objection/Exclusion Deadline. If the Settlement Class Member is represented by counsel, the Objection Statement shall also be signed by the attorney who represents the Settlement Class Member.

34.    Any objection regarding or related to the Agreement must contain a caption or title that identifies it as "Objection to Class Settlement in *In Re: H&R Block IRS Form 8863 Litigation*." The objection must contain information sufficient to identify and contact the objecting Settlement Class Member, as well as a clear and concise statement of the Settlement Class Member's objection, the facts supporting the objection and the legal grounds on which the objection is based.

35.    If an objecting party chooses to appear at the hearing, a notice of intention to appear must be filed with the Court no later than the Objection/Exclusion Deadline, with a copy served upon to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, and postmarked by the date specified in the Class Notice. If the objecting party is represented by counsel, he or she shall identify all such counsel together with the mailing address, telephone number, and email address of each counsel who is representing the objecting party.

### Right to Respond to Objections

36.     Class Counsel and Defendants shall have the right to respond, in writing, to any objection properly made prior to the Fairness Hearing. Class Counsel and Defendants shall also have any and all rights set forth in the Federal Rules of Civil Procedure as well as any rights ordered by the Court including but not limited to taking discovery from objectors.

### Requests for Exclusion

37.     Any Settlement Class Member who does not wish to participate in this Settlement must submit a Request for Exclusion to the Claims Administrator stating an intention to be "excluded" from this Settlement. This written Request for Exclusion must be sent via first class United States mail to the Claims Administrator's address as set forth in the Class Notice. To be valid, the Request for Exclusion must mailed to the Claims Administrator and postmarked by Objection/Exclusion Deadline. The Request for Exclusion must be personally signed by the Settlement Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

38.     The Claims Administrator shall file with the Court a list of those persons who have submitted Requests for Exclusion no later than twenty-one (21) days before the Final Approval Hearing.

39.     Any Settlement Class Member who has not timely requested exclusion from the Settlement will be bound by the terms of the Agreement upon Final Approval of the Settlement.

40.     If any Settlement Class Member purports to both object and exclude him or herself from the Settlement, that Settlement Class Member shall be considered to have excluded himself and the objection shall be deemed waived.

### SETTLEMENT RELIEF AND SETTLEMENT CONSIDERATION

41.     Subject to the limitations in this Agreement, including the understanding that under no circumstances will the Released Parties be required to pay in excess of One Hundred

Fifty -Thousand Dollars and No Cents ($150,000.00) to settle the claims in the Action on behalf of Plaintiffs and the Settlement Class Members, inclusive of attorneys' fees and costs and the Plaintiffs' Awards. Settlement Class Members will receive a one-time cash payment of $50.00 each.

42.     All payments to Settlement Class Members will be made by sending the Settlement Class Member a check in the amount of $50.00 US Dollars. Such payment will be mailed to the Settlement Class Members within 45 days of the Effective Date.

43.     Upon Final Approval, each Settlement Class Member who has not validly and timely submitted a Request for Exclusion and each of the Plaintiffs shall be deemed to release and forever discharge any and all Released Parties of and from liability of any kind or type whatsoever for any and all Released Claims, and shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any Released Party in any court or forum. This Agreement shall be the sole and exclusive remedy available to the Releasing Parties for any and all Released Claims against the Released Parties and Class Counsel. Except as otherwise stated in this Agreement, no Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any Released Claim.

44.     The Settling Parties agree that they may hereafter discover facts in addition to or different from those that they presently believe to be true with respect to the subject matter of this Agreement. The Settling Parties agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would have materially affected its decision to enter into this Agreement, the releases herein given shall be and remain in effect as a full, final, and complete general release of the Released Claims and the Settling Parties shall not be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof. The

19

Settling Parties agree that in exchange for good and valuable consideration, Plaintiffs and all Settlement Class Members waive any and all rights or benefits that they as individuals or the Settlement Class may have under California Civil Code Section 1542 and any similar or comparable provisions, rights, and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. California Civil Code Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

45. Plaintiffs and Settlement Class Members acknowledge that, as of the Effective Date, the releases given herein shall become effective immediately by operation of the Order and Final Judgment and shall be permanent, absolute, and unconditional.

## ADMINISTRATION OF SETTLEMENT

46. The Claims Administrator agrees to be subject to the direction and authority of the Court with respect to the administration of the Settlement and the payments to Settlement Class Members pursuant to the terms of this Agreement. Defendants shall have no responsibility or liability for the administration of the Settlement and shall have no liability, beyond funding of the Settlement Fund, to the Settlement Class Members in connection with, as a result of, or arising out of such administration.

## CY PRES

47. Should any funds remain of the Settlement Fund one-hundred and eighty (180) days after the distribution of the last check from the Settlement Fund, due to uncashed checks, missing Settlement Class Members, or any other reason, the remainder of the Settlement Fund

shall be sent by the Claims Administrator to Legal Aid of Western Missouri within thirty (30) days after the expiration of the 180-day period.

## ATTORNEYS' FEES

48.     Class Counsel will submit a request for reasonable fees and expenses with the Motion for Preliminary Approval of Class Settlement and Motion for Final Approval of Class Settlement. Class Counsel will request payment of reasonable fees and expenses up to a maximum of $62,050 to be distributed in the discretion of Class Counsel thereafter between and among all Plaintiffs' counsel. The Defendants agree not to oppose in Court or in any other forum Class Counsel's request for such an award of reasonable fees and expenses. The parties agree and warrant that the agreed fees and expenses were not negotiated nor agreed to prior to resolution of all substantive relief for the Settlement Class as set forth herein. The payment of Class Counsels' fees and expenses, as awarded by the Court and as subject to the above stated maximum, shall be carried out by the Claims Administrator within forty-five (45) days of the Effective Date.

49.     The payment of reasonable attorneys' fees and expenses, as awarded by the Court and subject to the maximum set forth in paragraph 52, is separate from and in addition to the cash relief afforded to the Settlement Class Members in paragraph 41 of this Agreement. The Court's award of any fees and expenses shall be separate from its determination of whether to approve this Agreement. In the event that the Court approves the settlement set forth in this Agreement, but declines to award fees and expenses in the amount requested by Class Counsel, the settlement will nevertheless be binding on the Settling Parties. If the Court declines to approve the Settlement Agreement, no award of fees and expenses shall be made or paid.

50.     The payment of Class Counsels' awarded fees and expenses shall be made to Huntington Bank as agent for Class Counsel for distribution to and among Plaintiffs' Counsel, in accordance with wire instructions to be provided to the Claims Administrator.

## CLASS REPRESENTATIVE AWARDS

51.     Subject to the limitations in this Agreement, including the understanding that under no circumstances will the Released Parties be required to pay in excess of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) to settle the claims in the Action on behalf of the Plaintiffs and the Settlement Class Members, inclusive of attorneys' fees and costs, and the Awards to the Plaintiffs, Class Counsel shall petition the Court for, and Defendants shall not oppose, a payment in an amount of $150.00 to each of the Plaintiffs, in recognition of their efforts on behalf of the Settlement Class ("Plaintiffs' Award"). The Court's award of any Plaintiffs' Award shall be separate from its determination of whether to approve the settlement as set forth in this Agreement. In the event that the Court approves the settlement, but declines to award a Plaintiffs' Award in the amount requested by Class Counsel, the settlement will nevertheless be binding on the Settling Parties. If the Court declines to approve the settlement, no Plaintiffs' Award shall be paid. Awards approved by the Court shall be paid by the Claims Administrator within forty-five (45) days after the Effective Date. Payment of the Plaintiffs' Award is separate from, and in addition to, the other relief afforded to the Settlement Class Members in this Agreement.

### Maximum Claims Liability

52.     Under no circumstance shall the Released Parties be required to pay in excess of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) to settle the claims in the Action on behalf of Plaintiffs and the Settlement Class Members, inclusive of attorneys' fees and costs, and the Plaintiffs' Awards.

## Tax Responsibility

53.     Each recipient of any monies paid in accordance with this Settlement Agreement is responsible for any taxes associated with the monies received by each recipient. The parties intend that no portion of the Class Awards, Plaintiffs' Awards, or Fee Award constitutes a non-deductible payment within the meaning of Section 162(f) of the Internal Revenue Code. The payments made to Settlement Class Members pursuant to this Agreement are not being made for any other purpose and shall not be construed as compensation for purposes of determining eligibility for any health and welfare benefits or unemployment compensation, and no benefit, including but not limited to pension and/or 401k, shall increase or accrue as a result of any payment made as a result of this settlement.

54.     Defendants are not giving any tax advice in connection with the Settlement or any payments to be made pursuant to this Settlement Agreement. Plaintiffs, Settlement Class Members, and Class Counsel agree to defend and hold harmless Defendants from any liability for taxes, fees, costs, and/or assessments resulting from the Plaintiff's, Settlement Class Members', or Class Counsel's failure to timely pay taxes, interest, fees, or penalties owed.

## FINAL APPROVAL

### Motion for Final Approval of Class Settlement

55.     Class Counsel shall petition the Court for a final order that: (1) confirms the certification of the Settlement Class as defined above; (2) dismisses this Action, with prejudice, upon the Effective Date; (3) decrees that neither the Final Approval nor this Agreement constitutes an admission of liability, fault, or wrongdoing; (4) releases the Released Parties from the Released Claims of the Releasing Parties; (5) finds that this Agreement is entered into in good faith, is reasonable, fair, and adequate, and is in the best interest of the Settlement Class

Members; and (6) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

## Fairness Hearing

56.     The Court shall conduct a Fairness Hearing so that the Court may review any Objections to this Agreement, consider the fairness, reasonableness, and adequacy of this Agreement, and consider the Settling Parties' petition for Final Approval and Class Counsel's application for an award of fees and expenses. The date of the Fairness Hearing shall be included in the Class Notice in advance of the hearing. If the date of the Fairness Hearing is subsequently modified by the Court, no further notice is required to be published to Settlement Class Members, except that the Settling Parties will notify any Settlement Class Member who has filed a timely Objection in writing of any change to the date of the Fairness Hearing.

## Dismissal of this Action

57.     The Final Approval shall provide that this Action with respect to the Plaintiffs' claims shall be dismissed, with prejudice, upon the Effective Date.

## PUBLIC STATEMENTS

58.     Except as otherwise specifically agreed to in writing or required by law, the Settling Parties and their counsel agree that they will not issue any press release or make any other affirmative or reactive statement to the media regarding this Agreement or the Action (including the settlement of the Action), other than to respond to a press inquiry by stating that the Settling Parties have reached an agreement to resolve the matter, which is subject to approval by the Court. Additionally, the Settling Parties and their counsel agree not to publicly disclose the terms of this Agreement except as may be required to obtain preliminary or final approval of the Agreement, or to comply with regulatory or other legal disclosure obligations.

## TERMINATION

### Right to Terminate

59.     This Agreement is contingent on the final certification of the Settlement Class and the Final Approval, as defined above. Defendants may terminate this Agreement in its entirety at any time and without further obligation if: (1) any court rejects or denies approval of any term or condition of this Agreement; (2) any court makes any order purporting to alter, amend, or modify any term or condition of this Agreement; (3) any court fails to certify the Settlement Class as defined above for purposes of settlement only; or (4) more than 10 percent (approx. 160) Settlement Class Members submit timely and valid Requests for Exclusion.

### Notice of Termination

60.     In the event that Defendants exercise their right to terminate this Agreement, it shall promptly notify the Court and Class Counsel in writing and notify the Settlement Class Members by direct mail.

### Effect of Termination

61.     In the event Defendants exercise their right to terminate this Agreement, this Agreement shall be considered null and void and shall have no force or effect, no person or entity shall be bound by any of its terms or conditions, and the rights of all persons or entities with respect to the claims and defenses asserted in this Action shall be restored to the positions existing immediately prior to execution of this Agreement.

62.     Except as otherwise provided herein, in the event that the Agreement is terminated, vacated, or fails to become effective for any reason, then the Settling Parties to this Agreement shall be deemed to have reverted to their respective status in the Action as of the date of this Agreement and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if this Agreement and any related orders had not been made or entered.

## SETTLEMENT PURPOSES ONLY

### Non-Admission

63.     This Agreement, whether or not consummated, and any communications exchanged or actions taken pursuant to or during the negotiation of this Agreement, are for settlement purposes only. Neither the fact of nor the contents of this Agreement or its exhibits, nor any communications exchanged nor actions taken pursuant to or during the negotiation of this Agreement, shall constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim asserted or fact alleged in this Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants.

### Non-Admissibility

64.     This Agreement and all negotiations, correspondence and communications leading up to its execution shall be deemed to be within the protection of Federal Rule of Evidence 408 and any analogous state or federal rules or principles. Neither this Agreement, nor any terms, conditions, contents or provisions hereof or exhibits hereto, nor any negotiations, correspondence, or communications leading up to the execution of this Agreement, shall constitute a precedent or be admissible for any purpose in any proceeding; provided, however, that this Agreement shall be admissible in any proceeding related to the approval of this Agreement, to enforce any of its terms and conditions, to support or defend this Agreement in an appeal from an order granting or denying Final Approval, or to enforce or assert a claim or defense of *res judicata, collateral estoppel*, claim preclusion, issue preclusion, settlement, release, merger and bar, or any similar claim or defense against the Plaintiffs, any Settlement Class Member, or any third party.

### Reservation of Rights

65.     This Agreement is made without prejudice to the rights of any of the Settling Parties to raise any claim or defense, including, but not limited to, Defendants' right to oppose class certification in this Action should this Agreement not be approved or implemented.

## WARRANTIES AND REPRESENTATIONS

### Authority to Execute

66.     The Settling Parties warrant and represent that the persons executing this Agreement are duly authorized to do so. Plaintiffs Richard Dreyling, Maighan Dreyling, Taryn Knox, Tommi Head, Thomas James, Janet James, Kelley Mannix, Anatashia Wishon, Joseph Page, Lisa Rau, Kathleen Connelly-Brown, Bianca Venters, Twana Barrett, Nathan Poole, Jr., Kristy Fast, Timothy Fast, Darren Tucker, Ellen Tucker, Amy McAfee, Beverly Hand, Michelle Brantley, Brian Flaherty, Rachel Flaherty, Phillip Mann, Cynthia Brice, Debra Dodge, Michael Dodge, Steven Scott, Misty Scott, Robert Lefebvre, Julie Lefebvre, LaTisha Johnson have authorized Eric Holland of Holland Law Firm to execute this Agreement on their behalf.

### Assignment of Claims

67.     The Settling Parties warrant and represent that no claim or any portion of any claim referenced or released in this Agreement has been sold, assigned, conveyed, or otherwise transferred to any other entity or Person.

### Reading and Understanding

68.     Class Counsel hereby warrants and represents that they have carefully read this Agreement, that the Plaintiffs have been consulted regarding this Agreement and afforded the opportunity to review the Agreement, and that all Settling Parties fully understand and voluntarily accept the terms and conditions of this Agreement.

### Reliance on Own Judgment

69.     The Settling Parties warrant and represent that they have relied upon their own judgment and that of their legal counsel regarding the sufficient and agreed upon consideration for this Agreement and that no statement or representation by any of the other Settling Parties or their agents, employees, officers, directors, or legal representatives influenced or induced them to execute this Agreement.

## INTERPRETATION AND ENFORCEMENT

### Governing Law

70.     This Agreement is governed by, construed, and interpreted, and the rights of the Settling Parties determined, in accordance with federal law. To the extent state law applies for any reason, this Agreement is governed by the laws of the state of Missouri. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Settling Parties hereto.

### Entire Agreement

71.     This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Settling Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications, and understandings among the Settling Parties with respect to the subject matter of this Agreement.

### Joint Preparation

72.     This Agreement shall be construed as if the Settling Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any of the Settling Parties.

### Background of Settlement Section

73.     The Background of Settlement (Section II) is a material part of this Agreement and is incorporated herein in its entirety.

28

## Captions

74. The captions used in this Agreement are for convenience and identification purposes only and are not part of this Agreement.

## Modification

75. This Agreement may not be changed, modified, or amended except in writing signed by all Settling Parties and approved by the Court. Notwithstanding the foregoing, however, the Class Award payment process set forth above may be modified by mutual agreement of the Settling Parties without Court approval and the Settling Parties may agree to reasonable extensions of time in which to accomplish the tasks required by the terms and conditions of this Agreement, which shall not be unreasonably withheld.

## Waiver

76. The waiver of any term or condition or breach of this Agreement shall not be deemed to be a waiver of any other term or condition or breach of this Agreement and shall not be deemed to be a continuing waiver.

## Binding Effect

77. This Agreement shall be binding upon and inure to the benefit of the Settling Parties and each of their respective heirs, successors, assigns, executors and legal representatives.

## MISCELLANEOUS TERMS AND CONDITIONS

### Litigation Brought in Good Faith

78. The Settling Parties to this Agreement intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Members against the Released Parties with respect to the Settled Claims. Accordingly, Class Counsel and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. The Settling

Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure or of 28 U.S.C. § 1927 relating to the prosecution, defense, or settlement of the Action.

79.     The Settling Parties agree that the amount paid and the other terms of the Agreement were negotiated at arm's-length in good faith by the Settling Parties and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

### Notices

80.     Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement, or any document to be given by any Settling Party to any other Settling Party shall be in writing and delivered personally or sent by U.S. First Class Mail, postage prepaid, to Class Counsel and to Defense Counsel at the following addresses:

HOLLAND LAW FIRM
Eric D. Holland
R. Seth Crompton
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
(314) 241-8111

JONES DAY
Kevin D. Boyce
North Point
901 Lakeside Avenue
Cleveland, OH 44114

### Execution

81.     This Agreement may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement.

30

**IN WITNESS WHEREOF**, each of the Settling Parties hereto has caused this

Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day

set forth below.

**For the Settlement Class and Class Counsel:**

Dated: December 16, 2015

By: _____

Attorneys for Plaintiffs

**For all Defendants:**

Dated: December 15, 2015

By: _____

HRB Tax Group, Inc., H&R Block Tax Services LLC, HRB Technology LLC, and HRB Digital LLC

J. Gordon Rudd, Jr.
David M. Cialkowski
ZIMMERMAN REED, PLLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 341-0400
Fax: (612) 341-0844
E-Mail: Gordon.Rudd@zimmreed.com
E-Mail: David.Cialkowski@zimmreed.com
E-Mail: Brian.Gudmundson@zimmreed.com

Sherrie R. Savett
Eric Lechtzin
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000
Fax: (215) 875-4636
E-Mail: ssavett@bm.net
E-Mail: elechtzin@bm.net

Eric Holland
R. Seth Crompton
HOLLAND LAW FIRM
300 N. Tucker Street, Suite 801
St. Louis, MO 63101
Phone: 314-241-8111
Fax: 314-241-5554
E-Mail: eholland@allfela.com