# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: H&R BLOCK IRS FORM 8863 LITIGATION | ) ) ) ) | MDL No. 2474 |
| ALL ACTIONS | | Master Case No. 4:13-MD-02474-FJG |

**[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING SETTLEMENT AGREEMENT, APPROVING CLASS NOTICE, APPOINTING CLASS COUNSEL, AND SETTING SCHEDULE FOR NOTICE AND FINAL APPROVAL**

THIS CAUSE came before the Court on this ___ day of _____ 2015 on Plaintiffs Richard Dreyling, Maighan Dreyling, Taryn Knox, Tommi Head, Thomas James, Janet James, Kelley Mannix, Anatashia Wishon, Joseph Page, Lisa Rau, Kathleen Connelly-Brown, Bianca Venters, Twana Barrett, Nathan Poole, Jr., Kristy Fast, Timothy Fast, Darren Tucker, Ellen Tucker, Amy McAfee, Beverly Hand, Michelle Brantley, Brian Flaherty, Rachel Flaherty, Phillip Mann, Cynthia Brice, Debra Dodge, Michael Dodge, Steven Scott, Misty Scott, Robert Lefebvre, Julie Lefebvre, LaTisha Johnson's (collectively, "Plaintiffs") Motion for Preliminary Approval of the Class Settlement. The Court having reviewed and considered Plaintiffs' Motion for Preliminary Approval and supporting materials and having fully considered the record and the requirements of law, it is hereby:

**ORDERED** that the Settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby **PRELIMINARILY APPROVED**. The Court further finds and orders as follows.

1.      The Settlement was the result of the parties' good-faith negotiations.  The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations.  The Settlement Agreement is not the result of collusion.

2.      The proceedings that occurred before the parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

3.      The Settlement falls well within the range of reasonableness.  The Settlement has no obvious deficiencies.

4.      Because the Settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

5.      The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied and conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons in the United States who timely opted out of Defendants' Arbitration Clause, and on whose behalf Defendants prepared and/or submitted 2012 tax returns that included IRS Form 8863 before February 22, 2013.
>
> All federal judges to whom this case is assigned and members of their families within the first degree of consanguinity, and employees, officers and directors of the Released Parties are excluded from the class.

6.      The Court finds, for settlement purposes only, that the requirements of Rule 23(a) are satisfied as follows:

> (a)      Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable;

(b) Pursuant to Fed. R. Civ. P. 23(a)(2), the Court determines that there are common issues of law or fact for the Settlement Class;

(c) Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs are typical of the claims of the Settlement Class that they seek to represent; and

(d) Pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class.

7. The Court further finds, for settlement purposes only, that the requirements of Rule 23(b)(3) are satisfied as follows:

(a) Questions of law and fact common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

(b) A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court finds that the content of the Proposed Notice Form, attached as Exhibit D to the Settlement Agreement, satisfies the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process, and accordingly approves the Proposed Notice Form.

9. This Court further approves the proposed method for giving notice of the Settlement to the Settlement Class Members, as reflected in the Settlement Agreement and Plaintiffs' Motion for Preliminary Approval. The Court has reviewed the Proposed Notice Form and the notice procedures and finds that the Settlement Class Members will receive the best notice practicable under the circumstances. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process. The Court also approves the payment of notice costs as provided in the Settlement Agreement.

10.     The Court approves the proposed Certification Form that Settlement Class Members identified in Exhibit E to the Settlement Agreement must timely submit to the Claims Administrator in order to receive the Class Award.

11.     The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Classes, and hereby appoints Sherrie R. Savett and Eric Lechtzin of Berger & Montague, P.C., J. Gordon Rudd, Jr. and David M. Cialkowski of Zimmerman Reed, PLLP, and Eric Holland and R. Seth Crompton of Holland Law Firm as Class Counsel pursuant to Rule 23(g).

12.     The Court appoints Analytics Consulting LLC as the Claims Administrator.

13.     The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on _____, 2016, to consider final approval of the Settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues:  (a) whether the Class should be finally certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; (c) Class Counsel's application for an award of attorneys' fees and expenses; and (d) approval of class representative awards to the Plaintiffs.

14.     Persons wishing to object to the Settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

> (a)     To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court on or before _____, 2016, with copies delivered to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, so that such papers are postmarked by _____, 2016.

> (b)     Any objection regarding or related to the Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re: H&R Block IRS Form 8863 Litigation*" and shall also contain information sufficient to identify and contact the objecting Settlement Class Member.  The objection must be in writing and must be personally signed by the Settlement Class Member (even if represented by counsel).

4

The objection shall contain a clear and concise statement of the Settlement Class Member's objection, the facts supporting the objection, and the legal and factual grounds on which the objection is based. If the Settlement Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Settlement Class Member and shall include the mailing address, telephone number, and email address of each counsel who is representing the objecting party.

(c)     Any member of the Settlement Class who files and serves a timely written objection in accordance with this Order may also appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class Member's expense, to object to the fairness, reasonableness or adequacy of the Settlement.

(d)     Members of the Settlement Class or their attorneys intending to appear at the Fairness Hearing must file a notice of intent to appear with the Court by _____, 2016, with copies served on Class Counsel and Defense Counsel so that such papers are postmarked by _____, 2016. The notice of intent to appear must include: (i) the name, address and telephone number of the Settlement Class Member and, if applicable, the name, address and telephone number of the Settlement Class Member's attorney (who must file a Notice of Appearance); (ii) the objection, including any papers in support thereof; and (iii) the name and address of any witnesses to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

15.     Any member of the Settlement Class who does not timely file and serve a notice of intent to appear, and any witness not identified in the notice of intent to appear, shall not be permitted to be heard at the Fairness Hearing, except for good cause shown.

16.     Members of the Settlement Class who elect not to participate in the Settlement must submit a Request for Exclusion to the Claims Administrator stating an intention to be "excluded" from this Settlement. The Request for Exclusion must be personally signed by the Settlement Class Member. This written Request for Exclusion must be sent via first class United States mail to the Claims Administrator's address as set forth in the Class Notice. To be valid, the Request for Exclusion must be mailed to the Claims Administrator and postmarked by _____, 2016.

17.    The Claims Administrator shall file with the Court a list of those persons who have submitted Requests for Exclusion no later than twenty-one (21) days prior to the Final Approval Hearing.

18.    Any member of the Settlement Class failing to properly and timely mail a Request for Exclusion shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement and the Settlement, including the Release, and Order of Final Judgment.  The Court shall resolve any disputes concerning Requests for Exclusion.

19.    In order for the Settlement Class Members listed on Ex. B to the Settlement Agreement to be eligible to receive relief under the Settlement Agreement, they must submit a completed Certification Form to the Claims Administrator certifying, under penalty of perjury, that they requested to opt out from Defendants' arbitration agreement within 60 days of licensing the H&R Block At Home tax preparation software.  To be effective, any such Certification Form must be postmarked no later than  _____, 2016.  The Settlement Class Members listed on Ex. A to the Settlement Agreement will not have to take any affirmative action in order to receive relief under the Settlement Agreement.

20.    Plaintiffs have proposed, and the Court adopts, the following schedule regarding notice to the Settlement Class and final approval of the Settlement Agreement:

| Event | Proposed Due Date/Deadline |
|---|---|
| Deadline for Claims Administrator to mail Class Notice to all Settlement Class Members and Certification Form to Settlement Class Members listed on Exhibit B to the Settlement Agreement | Thirty days from the date the Court enters the order preliminarily approving the Settlement. |
| Deadline for filing Motion for Final Approval of Settlement | February 1, 2016 |
| Deadline for filing Class Counsel's | February 1, 2016 |

| | |
|---|---|
| Application for Attorneys' Fees and Expenses and Class Representative Awards | |
| Date by which Requests for Exclusion must be mailed to the Claims Administrator | Seventy-five days from the date the Court enters the order preliminarily approving the Settlement. |
| Deadline for filing written objections to Settlement with the Court | Seventy-five days from the date the Court enters the order preliminarily approving the Settlement. |
| Deadline for filing notice of intent to appear at Final Approval Hearing with the court | Seventy-five days from the date the Court enters the order preliminarily approving the Settlement. |
| Deadline for Settlement Class Members listed in Exhibit B to the Settlement Agreement to mail Certification Forms to Claims Administrator | Seventy-five days from the date the Court enters the order preliminarily approving the Settlement. |
| Deadline for filing response(s) to objections | March 11, 2016 |
| Final Approval Hearing | March 25, 2016 |

21.     To the extent not otherwise defined herein, all capitalized terms in this order shall have the meaning assigned in the Settlement Agreement.

22.     In the event that the Settlement does not become effective for any reason, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.  If the Settlement does not become effective, Defendants and any other Released Persons shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation).  This action shall thereupon revert immediately to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and any related order had not been executed.

23.     Nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants,

7

or an admission of the propriety of class certification for any purposes other than for purposes of the current Settlement.

24.     All other proceedings in the Action are hereby stayed until such time as the Court renders a final decision regarding approval of the Settlement.  No discovery regarding to this Action, or with respect to this Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules.  In addition, pending a determination on final approval of the Settlement, all Settlement Class Members are hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims.

25.     The Court shall retain continuing jurisdiction over the Action, the parties, the Settlement Class, and the administration, enforcement, and interpretation of the Settlement.  Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraph 21 above.

Dated this _____day of _____, 2015.

_____
Honorable Fernando J. Gaitan, Jr.
United States District Judge

8