# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: H&R BLOCK IRS FORM 8863 LITIGATION | ) ) ) ) | MDL No. 2474<br><br>Master Case No. 4:13-MD-02474-FJG |

**NOTICE OF CLASS ACTION SETTLEMENT**

**If you used H&R Block Tax preparation services or products to prepare and file your tax year 2012 federal tax return on or before February 22, 2013, then you could receive money from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

Your legal rights will be affected whether you act or do not act. This notice explains your rights and options and the deadlines to exercise them. Please read this notice carefully.

| | |
|---|---|
| **RIGHT TO SETTLEMENT BENEFITS** | If you completed your tax year 2012 federal tax returns using H&R Block At Home desktop software, your notice contains a Certification Form. You must sign it and mail the postage prepaid Certification Form to the Claims Administrator at the address listed in Section IV(A)(II) by _____, 2016, in order to receive the settlement benefits.<br><br>If you completed your tax year 2012 federal tax returns at an H&R Block retail office or on H&R Block's website, your notice does not contain a Certification Form. You do not have to take any action to receive the settlement benefits. You will receive a settlement payment if the Court approves the Settlement as long as we have a valid address on record for you or are able to locate one. |
| **EXCLUDE YOURSELF** | Get no payment. You will not participate in the Settlement. This is the only option that allows you to ever be part of any other lawsuit against H&R Block about the legal claims raised in this case. |
| **OBJECT** | Write to the Court about why you don't believe the Settlement is fair. The Court will consider the objections in deciding whether to approve the Settlement. If the Settlement is nevertheless approved, you will not be able to sue H&R Block for claims related to the legal claims raised in this case. |

| GO TO A HEARING | If you object to the Settlement, you may ask to speak in court in Kansas City, Missouri about the fairness of the Settlement. The Court will consider your comments in deciding whether to approve the Settlement. If the Settlement is nevertheless approved, you will not be able to sue H&R Block for claims related to the legal claims raised in this case. |
| --- | --- |

## I.     BASIC INFORMATION

### A.     Why did I get this notice?

You are receiving this notice because records show you used H&R Block tax preparation services or products to prepare and file your tax year 2012 federal tax return before February 22, 2013, and requested to opt out of H&R Block's arbitration agreement.

The Court sent you this notice because you have a right to know about a settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after objections and appeals are resolved, a claims administrator appointed by the Court will make the payments that the Settlement allows.

This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Western District of Missouri, and the case is known as *In re H&R Block IRS Form 8863 Litigation*, No. 4:13-MD-02474-FJG. The people who sued are called Plaintiffs, and the companies they sued, HRB Tax Group, Inc., H&R Block Tax Services LLC, HRB Technology LLC, or HRB Digital LLC, are called Defendants or H&R Block.

### B.     What is this lawsuit about?

Plaintiffs have brought a class action lawsuit on behalf of themselves and others who timely opted out of arbitration and on whose behalf H&R Block prepared and/or submitted 2012 federal tax returns that included IRS Form 8863 before February 22, 2013. Plaintiffs allege that H&R Block is responsible for delays Plaintiffs experienced in the processing of their federal tax refunds. Defendants deny the allegations and maintain that all impacted returns were prepared accurately and properly submitted on time.

### C.     Why is this a class action?

In a class action, one or more people called Class Representatives sue as representatives of a larger group of people with similar legal claims. Together, they are called a "class." Individuals in the Class are called "class members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Court Judge Fernando J. Gaitan Jr. is presiding over this class action.

**D.     Why is there a Settlement?**

The Court has <u>not</u> decided in favor of the Plaintiffs or in favor of H&R Block. There has been no trial or other ruling on the merits of the claims of the Class or Plaintiffs, and this Settlement should not be construed as an admission of liability or wrongdoing on the part of H&R Block. Instead, both sides have agreed to a settlement to avoid further litigation. The Settlement would provide affected Class Members compensation for their claims and avoid the costs, delays, and uncertainties of further litigation and a trial. The Plaintiffs and their attorneys think the Settlement is fair and reasonable, and in the best interests of Class Members.

## II.     WHO IS IN THE SETTLEMENT?

**A.     How do I know if I am part of the Settlement?**

The Parties have agreed that "Settlement Class Members" mean all persons in the United States who timely opted out of H&R Block's arbitration clause, and on whose behalf H&R Block prepared and/or submitted 2012 tax returns that included IRS Form 8863 before February 22, 2013. Excluded from the Settlement Class are all federal judges to whom this case is assigned and members of their families within the first degree of consanguinity, employees, officers and directors of H&R Block, and Defense Counsel.

If you have received this notice, records show that you used H&R Block tax preparation services or products to prepare or submit your 2012 federal tax return that included IRS Form 8863 before February 22, 2013, and that you requested to opt out of H&R Block's arbitration agreement.

Settlement Class Members who used H&R Block's At Home tax preparation software are in sole possession of the information that determines whether they timely opted out of H&R Block's arbitration agreement. If you are one of the Settlement Class Members who used H&R Block's At Home software, included with this notice is a Certification Form that you must sign, certifying, under penalty of perjury, that you timely opted out of H&R Block's arbitration agreement in order to receive the settlement benefits. You must mail the postage prepaid Certification Form to the Claims Administrator at the address listed in Section IV(A)(II) by _____, 2016.

If there is no Certification Form included with your notice, you do not have to take any action to receive the settlement benefits.

## III.     THE SETTLEMENT BENEFIT – WHAT YOU GET

**A.     What does the Settlement provide?**

Subject to the Court's approval, H&R Block will issue one $50 check per impacted return to each Settlement Class Member or Members. To receive their $50 check, Settlement Class Members who used H&R Block's At Home tax preparation software must submit a valid Certification Form documenting that they timely opted out of arbitration. All checks will be issued to Settlement Class Members by United States Mail, postage prepaid.

In addition to the settlement payment available to Settlement Class Members, Class Counsel will ask the Court to approve payment of $150 from the Settlement Fund to each Class Representative. If the Court approves Class Counsel's request, this additional payment would compensate the Class Representatives for (a) the individual waiver of claims they are being required to make, and (b) their assumption of the risks and potential liability related to being a Class Representative, including the potential liability for H&R Block's taxable legal costs.

The Parties have further agreed that H&R Block will pay the costs to administer this Settlement.

All Settlement Class Members who do not request exclusion from this Settlement will forever release all claims against Defendants related to the allegations in *In re: H&R Block IRS Form 8863 Litigation*.

## IV. HOW YOU GET A PAYMENT

### A. How can I get a check under the terms of the Settlement?

#### 1. If you did not receive a Certification Form with this notice.

If you did not receive a Certification Form with this notice, you will not have to take any affirmative action in order to receive a check under the Settlement. Your check will be mailed to you directly if the Court approves the Settlement and it becomes final.

#### 2. If you received a Certification Form with this notice.

Settlement Class Members who used H&R Block's At Home tax preparation software will have to submit valid Certification Forms documenting that they timely opted out of H&R Block's arbitration clause. If you are one of the Settlement Class Members who used H&R Block's At Home software, included with this notice is a Certification Form. You must sign the Certification Form, certifying, under penalty of perjury, that you timely opted out of H&R Block's arbitration agreement in order to receive the settlement benefits. You must mail the postage prepaid Certification Form to the Claims Administrator at the address listed below. If your Certification Form is postmarked no later than _____, 2016, you will receive a check if the Court approves the Settlement and it becomes final.

**TO BE VALID, CERTIFICATION FORMS MUST BE POSTMARKED NO LATER THAN _____, 2016.**

| CLAIMS ADMINISTRATOR |
| --- |
| Analytics Consulting LLC<br>18675 Lake Drive East,<br>Chanhassen, MN 55317 |

**B.     When would I get my payment?**

The Court will hold a hearing on _____, 2016, at _____ a.m., to decide whether to approve the Settlement.  If Judge Gaitan approves the Settlement after the hearing and there are no appeals, you should receive payment within 60 days after the date of final approval. If there are appeals, resolving them could take time, perhaps more than a year.  If there are no appeals, payment will be much quicker.  Please be patient.

**C.     What am I giving up to get an award or to stay in the Class?**

Unless you exclude yourself, you are staying in the Settlement Class and that means that you cannot sue, continue to sue, or be part of any other lawsuit against H&R Block about the issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  By not excluding yourself from the Settlement Class, you are releasing all claims against H&R Block and its direct and indirect affiliates, parents, subsidiaries, successors and assigns, franchisees, related parties, directors, employees, attorneys, agents, vendors, suppliers, contractors, and clients, known and unknown, related to H&R Block's preparation and/or submission of your 2012 federal tax return that included IRS Form 8863.

### V.     EXCLUDING YOURSELF FROM THE SETTLEMENT

**A.     Can I Exclude Myself from the Settlement?**

Yes. If you want to keep the right to sue H&R Block on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class.  You may request exclusion by sending a letter via first class United States mail, requesting to be "excluded" from this Settlement, to the Claims Administrator at the address listed below.  The Request for Exclusion must be personally signed by the Settlement Class Member.

**TO BE VALID, REQUESTS FOR EXCLUSION MUST BE POSTMARKED NO LATER THAN _____, 2016.**

| CLAIMS ADMINISTRATOR |
| --- |
| Analytics Consulting LLC<br>18675 Lake Drive East,<br>Chanhassen, MN 55317 |

**B.     If I don't exclude myself, can I sue H&R Block for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue H&R Block for the claims that this Settlement resolves.

### C.      If I exclude myself, can I get money from this Settlement?

No.  If you exclude yourself, your claims against H&R Block will not be released, and you will not be eligible for any benefits of the Settlement.

## VI.      THE LAWYERS REPRESENTING YOU

### A.      Do I have a lawyer is this case?

The Court has appointed the law firms of Berger & Montague, P.C., Zimmerman Reed, PLLP, and the Holland Law Firm to represent you and the other Settlement Class Members. Together, the lawyers are called Class Counsel.  You will not be charged for these lawyers.  You have the right to hire your own lawyer, at your own expense, although there is no obligation to do so, and Class Counsel will represent all Settlement Class Members in this lawsuit who do not object, request exclusion, or retain their own lawyer.

### B.      How Will Class Counsel Be Paid?

You will not be personally charged to be represented by Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court to approve payment of $62,050 to compensate them for their attorneys' fees and expenses incurred in investigating the facts, litigating the case, and negotiating the Settlement.  H&R Block has agreed not to oppose Class Counsel's request to be paid up to $62,050 but not more.  It will be up to the Court to determine the actual amount of fees and expenses to be paid to Class Counsel up to the $62,050 maximum.

## VII.      OBJECTING TO THE SETTLEMENT

### A.      How do I tell the Court that I don't like the Settlement?

If you are a Settlement Class Member and do not request exclusion, you or your attorney on your behalf may object to the Settlement if you do not believe that it is fair.  The objection must be in writing.  The procedures for submitting a written objection are set forth below.

**A written and personally signed objection (and any support for it) must be filed with the Court at the address below on or before _____, 2016, with individual copies sent to Class Counsel and Defense Counsel at the addresses below and postmarked by _____, 2016.**

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Western District of Missouri<br>Attn: In re H&R Block IRS Form 8863 Litigation, No. No. 4:13-MD-02474-FJG<br>400 East 9th Street<br>Kansas City, MO 64106 | HOLLAND LAW FIRM<br>Eric D. Holland<br>R. Seth Crompton<br>300 N. Tucker Blvd., Suite 801<br>St. Louis, MO 63101<br>(314) 241-8111 | JONES DAY<br>Kevin D. Boyce<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114 |

Any objection regarding or related to the Settlement shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re: H&R Block IRS Form 8863 Litigation*" and shall also contain information sufficient to identify and contact you. The objection must be in writing and must be personally signed by you (even if you are represented by an attorney). The objection shall contain a clear and concise statement of your objection, the facts supporting the objection, and the legal and factual grounds on which the objection is based. If you are represented by an attorney, the objection shall also be signed by the attorney who represents you and shall include the mailing address, telephone number, and email address of each attorney who is representing you.

**B.      What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not believe the Settlement is fair. You can object only if you stay in the Settlement Class. If you object to the Settlement and the Court nevertheless approves it, you are still bound by the Court's Order and the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

**C.      What if I do not object or request to be excluded?**

If the Court approves the Settlement, you will be bound by its terms, you will no longer have the ability to sue with respect to the claims and issues raised by the case, and your claims will be released and dismissed.

**VIII.   THE COURT'S FAIRNESS HEARING**

**A.      When and where will the Court hold a hearing to consider the Settlement?**

The Court will hold a hearing on _____, 2016, at _____ a.m. in Courtroom 7C at the United States District Court for the Western District of Missouri, 400 East 9th Street, Kansas City, Missouri 64106. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are written objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement and how much Class

Counsel should receive in compensation. We do not know how long the Court will take to reach this decision.

### B. Do I have to come to the hearing?

No. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection and it is received on time, the Court will consider it. You may also get your own lawyer to attend at your own expense, if you choose to do so. You or your attorney may ask to speak at the hearing.

To request to speak or to appear through a lawyer, you must file with the Court a "Notice of Intent to Appear in *In re H&R Block IRS Form 8863 Litigation*." The Notice of Intent to Appear must include: (i) your name, address and telephone number, and, if applicable, the name, address and telephone number of your attorney (who must also file a Notice of Appearance); (ii) the written objection that you filed with the Court, including any papers in support thereof; and (iii) the name and address of any witnesses to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

**Your Notice of Intent to Appear must be filed with the Court at the address below on or before _____, 2016, with individual copies sent to Class Counsel and Defense Counsel at the addresses below and postmarked by _____, 2016.**

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Western District of Missouri<br>Attn: In re H&R Block IRS Form 8863 Litigation, No. No. 4:13-MD-02474-FJG<br> 400 East 9th Street<br> Kansas City, MO 64106 | HOLLAND LAW FIRM<br>Eric D. Holland<br>R. Seth Crompton<br>300 N. Tucker Blvd., Suite 801<br>St. Louis, MO 63101<br>(314) 241-8111 | JONES DAY<br>Kevin D. Boyce<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114 |

### C. What happens if the Settlement is not approved?

If the Settlement is not approved by the Court, then it will be voided, no money will be paid and the case will continue to be litigated. If that happens, there is no assurance that: (a) the case will proceed as a class action; (b) any decision at trial would be in favor of the Class Members; (c) any trial or other ruling favorable to the Class would be as favorable to the Class Members as this Settlement; or (d) any trial or other ruling favorable to the Class would be upheld if there are appeals.

# IX.    GETTING MORE INFORMATION

## A.    Are there more details about the Settlement?

This notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by writing to Class Counsel at:

| CLASS COUNSEL |
| --- |
| HOLLAND LAW FIRM<br>Eric D. Holland<br>R. Seth Crompton<br>300 N. Tucker Blvd., Suite 801<br>St. Louis, MO 63101<br>(314) 241-8111 |

## B.    How do I get more information?

You can write to Class Counsel at the address listed above to request additional information about the Settlement.

## C.    What should I do if I move or change my contact information?

If you do not keep Class Counsel informed of any changes to your current address or other contact information, you may forfeit entitlement to receive a monetary award.  If there is any change in your address or other contact information, please notify Class Counsel at the address listed above.